IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| FITNESS QUEST INC.<br>1400 Raff Rd. SW<br>Canton, OH 44750<br><br>   Plaintiff,<br><br> -vs.-<br><br>WONDERFULBUYS.COM<br>525 Amigos Drive<br>Suite # 1<br>Redlands, CA<br>USA 92373<br><br>YOUCANSAVE.COM<br>Batavia Gateway Corporate Park<br>4330 Commerce Drive,<br>Batavia, NY 14020. USA<br><br>LEENA, INC.<br>An unknown Corporation<br>Batavia Gateway Corporate Park<br>4330 Commerce Drive,<br>Batavia, NY 14020. USA<br><br>VEDANT GIFTS<br>d/b/a Vedantgifts.com<br>Batavia Gateway Corporate Park<br>4330 Commerce Drive,<br>Batavia, NY 14020. USA<br><br>and<br><br>VEDANT RAJPUT, an individual;<br>Batavia Gateway Corporate Park<br>4330 Commerce Drive,<br>Batavia, NY 14020. USA<br><br>   Defendants. | CASE NO.<br><br>JUDGE:<br><br><br>**COMPLAINT FOR:**<br><br> (A) Federal Trademark Infringement;<br><br> (B) Unfair Competition;<br><br> (C) Copyright Infringement;<br><br> (D) False Advertising;<br><br> (E) Fraudulent Misrepresentation;<br><br> (F) Unjust Enrichment;<br><br> and<br><br> (G) Ohio Unfair Competition<br><br><br>**JURY DEMAND ENDORSED HEREIN** |

Plaintiff Fitness Quest Inc., by its undersigned attorneys, for its complaint against Defendants Wonderfulbuys.com, Youcansave.com, Inc., Leena,, Inc. Vedant Gifts, and Vedant Rajput, (collectively, "Defendants") alleges as follows:

## THE PARTIES

1.　　Fitness Quest Inc. ("Fitness Quest") is a corporation organized and existing under the laws of the State of Delaware, having its principal place of business at 1400 Raff Road, S.W., Canton, Ohio 44750.

2.　　Defendant Wonderfulbuys.com ("Defendant Wonderfulbuys") is on information and belief, a Canadian business entity, form unknown, owned or controlled by Leena, Inc., conducting business within the United States and the State of Ohio, having a principal office located at 525 Amigos Drive Suite # 1 Redlands, CA USA 92373 and having a second principal location at Batavia Gateway Corporate Park, 4330 Commerce Drive, Batavia, New York 14020.

3.　　Defendant Youcansave.com, ("Defendant Youcansave.com"), is on information and belief, an entity owned or controlled by Leena, Inc., conducting business within the United States and the State of Ohio, having a principal office located at Batavia Gateway Corporate Park, 4330 Commerce Drive, Batavia, New York 14020.

4.　　Defendant Vedant Gifts ("Defendant Vedant Gifts") is, on information and belief, a business entity, form unknown, d/b/a VedantGifts.com, conducting business with the United States and the State of Ohio, having a principal office located at Batavia Gateway Corporate Park, 4330 Commerce Drive, Batavia, New York 14020.

5.　　Defendant Leena Inc. ("Defendant Leena") is, on information and belief, a British Virgin Islands Company, the owner of Defendant Wonderfulbuys and/or Defendant Youcansave.com, and/or Defendant Vedant Gifts, and conducts business within the United States

and the State of Ohio.  Defendant Wonderfulbuys, Youcansave.com and/or Vedant Gifts are, on information and belief, a division of Leena, Inc.  Defendant Leena, Inc. has a principal office located at Batavia Gateway Corporate Park, 4330 Commerce Drive, Batavia, New York 14020.

6.     Defendant Vedant Rajput ("Defendant Vedant Rajput") is, on information and belief, an individual and Founder, President and Chief Executive Officer of Defendants Wonderfulbuys, Youcansave.com, and Vedant Gifts, conducts business within the United States and the State of Ohio, is a resident of Ontario, Canada and has a principal office located at Batavia Gateway Corporate Park, 4330 Commerce Drive, Batavia, New York 14020.

<u>JURISDICTION AND VENUE</u>

7.     This is an action for copyright infringement, trademark infringement, unfair competition, *inter alia*.  The copyright claims arise under the Federal Copyright Act of 1976, as amended, 17 U.S.C. § 101, *et seq*.  This Court has subject matter jurisdiction in this matter pursuant to 28 U.S.C. § 1331 and § 1338.  This Court also has jurisdiction under 28 U.S.C. § 1338(a) in that this case arises under the trademark laws of the United States.  This Court has jurisdiction over the unfair competition claims herein under the provisions of 28 U.S.C. § 1338(b) in that said claims are joined with a substantial and related claim under the trademark laws of the United States.  Alternatively, this Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332(a)(1), as the amount in controversy exceeds the sum of $75,000, and the action is between citizens of different states.

8.     This Court has personal jurisdiction over Defendants by virtue of, *inter alia*, Defendants' sale of products, transaction of business and solicitation of business within the State of Ohio, within this judicial district and elsewhere; also, Defendants have committed tortious acts within the State.

9.      This Court has supplemental jurisdiction over the claims in this Complaint which arise under the statutory and common law of the State of Ohio pursuant to 28 U.S.C. § 1367(a), because the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

10.     Venue is proper in the Northern District of Ohio pursuant to 28 U.S.C. § 1391(b), and/or (c), and 28 U.S.C. § 1400(b) because a substantial part of the events giving rise to the claims occurred in this judicial district and/or Defendants are subject to personal jurisdiction in this District.

OPERATIVE FACTS

*Background of Fitness Quest*

11.     Over a period of years, Fitness Quest has become a leader in the exercise equipment and fitness industry.  Fitness Quest, through its subsidiaries, promotes and markets health, exercise, and other consumer products throughout the United States through print, the World Wide Web, radio, and television advertising, including, but not limited to, the use of television infomercials.

12.     Fitness Quest, through its subsidiaries, promotes and markets a variety of products designed to develop strength and fitness.  For example, Fitness Quest promotes and markets abdominal exercise machines under the trademark Ab Lounge®, including the original Ab Lounge®, the Ab Lounge® 2, and the Ab Lounge® XL marks (collectively, when referring to the trademarks, the "Ab Lounge Marks") (collectively, when referring to the abdominal exercise machines, "Ab Lounge Products").

13.     Fitness Quest has widely and continuously promoted and sold abdominal exercise machines under the Ab Lounge Marks since at least October 27, 2003.  To date, Fitness Quest

has invested more than $50 million in advertising and has sold approximately 4 million Ab Lounge® Products.  Aggregate sales of abdominal exercise machines under the Ab Lounge® brand exceed $366 million.

14.     On May 3, 2005, and August 15, 2006 Fitness Quest received federal trademark registrations on the Principal Register for its "Ab Lounge" trademarks for "manually operated exercise equipment".  A copy of the trademark registrations are attached hereto as Exhibit A.

15.     As a result of Fitness Quest's widespread and continuous use of the Ab Lounge Marks in interstate commerce and throughout the United States, an appreciable number of consumers have come to identify the marks with genuine Ab Lounge Products.

16.     Continuing without interruption at all times pertinent to this action, up to and including the present date, Fitness Quest has used a trade dress design in connection with the original Ab Lounge and Ab Lounge 2 products consisting of a blue canvass and sporting a distinctive, white "Ab Lounge" logo.  Fitness Quest's trade dress design for its Ab Lounge and Ab Lounge 2 products are not functional and are inherently distinctive.  A copy of Fitness Quest's Ab Lounge and Ab Lounge 2 trade dress designs are attached herein as Exhibit B.

17.     Continuing without interruption at all times pertinent to this action, up to and including the present date, Fitness Quest has used a trade dress design in connection with its Ab Lounge XL product consisting of a black canvass and sporting a distinctive, "Ab Lounge XL" logo.  Fitness Quest's trade dress design for its Ab Lounge XL product is not functional and is inherently distinctive.  A copy of Fitness Quest's Ab Lounge XL trade dress design is attached herein as Exhibit C.

18.     Fitness Quest includes with each Ab Lounge Product a workout video in DVD and/or VHS format ("Ab Lounge2 Video"), an owner's manual in hard copy ("Owner's Manual"), instructions on how to assemble the Ab Lounge®2 ("Assembly Instructions"), *inter*

*alia*.  Further, Fitness Quest also includes pictures, images, artwork, etc. ("Artwork") on its associated material, such as the Ab Lounge®2 packaging.  Copies of the Ab Lounge2 Video, Owner's Manual, and Assembly Instructions are attached hereto as Exhibits D, E and F, respectively.

19.     All of the aforementioned materials are original to Fitness Quest, copyrightable subject matter and protected by the U.S. copyright laws.  The Ab Lounge®2 Video, Owner's Manual, Assembly Instructions, and artwork, *inter alia* are protected by copyright and have been registered with the Copyright Office, Library of Congress.  True and correct copies of the copyright registrations for the Ab Lounge Products, such as the video, Owner's Manual, Assembly Instructions, and artwork are attached hereto as Exhibit G, along with their respective deposit material.

20.     Fitness Quest's copyright ownership is clearly noticed on at least Fitness Quest's Owner's Manual, *inter alia*.

21.     Fitness Quest, through its subsidiaries, markets, distributes and sells the Ab Lounge Products through internet, catalog, retail channels, television infomercials and short form commercials.

22.     Fitness Quest has invested considerable resources in developing goodwill in its trade dress and Ab Lounge Marks and in promoting all of its Ab Lounge Products.

23.     Significant segments of consumers likely to purchase Fitness Quest's Ab Lounge Products identify its trade dress with Fitness Quest, or with a single unidentified source.

24.     The function of Fitness Quest's trade dress design is to identify Fitness Quest as the source of its Ab Lounge Products and to establish a symbol of quality and goodwill that consumers can trust.

_Defendants' Actions Relevant To This Complaint_

25.     Defendants utilize an e-commerce website known as the famous auction website eBay, www.eBay.com, where consumers may purchase Defendants' products.

26.     Defendants Leena, Inc., and/or Wonderfulbuys.com and Vedant Rajput operate a website, www.wonderfulbuys.com, where consumers may purchase Defendant Wonderfulbuys' products.

27.     Defendants Leena, Inc., and/or Youcansave.com and Vedant Rajput operate a website, www.youcansave.com, where consumers may purchase Defendant Youcansave.com's products.

28.     Defendants Leena, Inc., and/or Vedant Gifts and Vedant Rajput operate a website, www.vedantgifts.com, where consumers may purchase Defendant Vedant Gift's products. (Collectively, www.eBay.com, www.wonderfulbuys.com, www.vedantgifts.com and www.youcansave.com, hereinafter referred to as "Websites".)

29.     On information and belief, through at least the Websites, Defendants actively promote the sale and distribution of products in this district, including, but not limited to, exercise products that compete with the Ab Lounge Products.

30.     Fitness Quest previously filed an action for trademark infringement, copyright infringement, false designation of origin, false advertising, _inter alia_, in this district against Defendant Wonderfulbuys, Case No. 5:00 CV 2133 (Judge Gwin).

31.     On information and belief, Defendants are at least offering for sale, selling, and distributing abdominal exercise machines within and outside of this district that are marked with a confusingly similar trademark, the Ab Chair, and Ab Chair XL (collectively, "Ab Chair Product").  More specifically, and without Fitness Quest's authority, Defendants have been and are acquiring, marketing, selling, manufacturing or causing to be manufactured, and distributing

an inferior abdominal exercise machine with spurious designation that is identical with, or substantially indistinguishable from, Fitness Quest's Ab Lounge Marks.  Further, the Ab Chair Product incorporates the protectable trade dress associated with the genuine Ab Lounge Products, respectively.  Attached hereto as Exhibit H are true and correct offers for sale, sales of the Ab Chair Product by Defendants.

32.     Defendants include, along with their Ab Chair Product, an Ab Chair Owner's Manual that is an unauthorized copy of Fitness Quest's copyrighted Owner's Manual.  Attached hereto as Exhibit I is a true and correct unauthorized copy of the Ab Lounge2 Owner's Manual.

33.     On information and belief, Defendants are actively promoting the sale of the Ab Chair Product as a direct substitute for the genuine Ab Lounge Products while knowing that the Ab Chair Product is not the same product.  On further information and belief, Defendants have in fact deceived purchasers who have purchased the Ab Chair Product from Defendants on the mistaken belief that they were purchasing the genuine Ab Lounge® abdominal exercise machine by advertising the Ab Chair Product as "As Seen On TV" all the while knowing that the Ab Chair Product has never been on television, thus referring to the original Ab Lounge and/or the Ab Lounge XL products.  As a result, consumers are deceived and injured by the activities of the Defendants.  One such example of Defendants' deception is attached hereto as Exhibit J, a copy of a website page from www.wonderfulbuys.com.

34.     The aforementioned activities of Defendants have also injured and threaten future injury to Fitness Quest.  More specifically, Defendants' activities have diminished Fitness Quest's goodwill in the Ab Lounge Marks and trade dress and caused Fitness Quest to lose sales of the genuine Ab Lounge Products that it otherwise would have made but for the sales of the Defendants.

## FIRST CLAIM FOR RELIEF
### Federal Trademark Infringement; Unfair Competition
(15 U.S.C. §1125(a); §43(a) of the Lanham Act)

35.     Fitness Quest incorporates by reference the averments of paragraphs 1 through 34 of this Complaint as if specifically set forth herein.

36.     Defendants have used, and are using, a confusingly similar mark to the Ab Lounge Marks in interstate commerce in connection with the Defendants' abdominal exercise equipment, namely, the Ab Chair Product in such a fashion and design as to imitate, counterfeit, copy, and reproduce Fitness Quest's Ab Lounge Marks and Ab Lounge Products.

37.     Defendants' acts as alleged above were with the purpose of exploiting and trading on the substantial goodwill and reputation of Fitness Quest as symbolized by the Ab Lounge Marks, including its trade dress.  Such intentional acts on the part of Defendants have damaged Fitness Quest's goodwill as symbolized by the Ab Lounge Marks and trade dress, causing Fitness Quest immediate and irreparable damage.

38.     Defendants' acts as alleged above have caused confusion, mistake, and deception, and are likely to continue to cause confusion, mistake, and deception, and have infringed upon Fitness Quest's exclusive rights in its trademarks.

39.     Defendants had actual knowledge of Fitness Quest's exclusive rights in the Ab Lounge Marks and willfully and deliberately infringed Fitness Quest's rights in the Ab Lounge Marks.

40.     Defendants' above averred acts, including the use by Defendants' of the Ab Lounge Marks and the distinctive quality of Fitness Quest's trade dress, in connection with the same or similar goods offered by Fitness Quest is likely to cause the consuming public to mistakenly believe that the Ab Chair Products originate from, are sponsored by or are associated with Fitness Quest, constituting a false designation of origin or false or misleading description or

representation of fact, and are also likely to cause the mark and trade dress in question to lose their significance as indicators of origin, in violation of 15 U.S.C. § 1125(a).

41.     The Defendants' actions complained of herein constitute trademark infringement, unfair competition, in violation of Fitness Quest's rights under 15 U.S.C. § 1125(a).

42.     Fitness Quest has no adequate remedy at law due to (i) Defendants' above averred acts, and (ii) the damage being caused to the goodwill associated with the Ab Lounge Marks and trade dress; and, the conduct of Defendants complained of herein has caused and will continue to cause irreparable damage to Fitness Quest if not enjoined.

SECOND CLAIM FOR RELIEF
Copyright Infringement
(17 U.S.C. §501, *et seq.*)

43.     Fitness Quest incorporates by reference the averments of paragraphs 1 through 42 of this Complaint as if specifically set forth herein.

44.     Defendants unlawfully and willfully copied all or part of Fitness Quest's copyrights, in violation of Fitness Quest's copyrights in at least its Ab Lounge®2 and Ab Lounge® XL Owner's Manual, and Assembly Instructions.

45.     Defendants' Ab Chair, Ab Chair Deluxe Owner's Manual and Assembly Instructions in all respects are not only substantially similar, but are strikingly similar and identical to the original Fitness Quest work bearing the same title.

46.     Fitness Quest has lost substantial revenue from Defendants' unlawfully and willful copying of the aforementioned copyrighted material.

47.     Fitness Quest's sale of its own works and derivative works is prejudiced by Defendants' copyright infringements.

10

48.     The Defendants' activities with respect to their copyright infringement have been without the express or implied license or authority of Fitness Quest.

49.     The continuing manufacture, distribution, use, offer for sale, and/or sale by Defendants of their Ab Chair Product, along with the copyright infringing Owner's Manual and Assembly Instructions, has caused and will continue to cause Fitness Quest to lose markets, opportunities, sales, and customers for the sale of Fitness Quest's genuine Ab Lounge Products.

50.     The wrongful acts of Defendants have caused and will continue to cause Fitness Quest to lose revenue from potential sales of Fitness Quest's genuine Ab Lounge Products. Those acts also will cause Fitness Quest to expend their energies and funds to protect against the loss of market share.

51.     Fitness Quest has no adequate remedy of law and will be irreparably harmed, including, but not limited to, the loss of goodwill, competitive advantage, an ability to maintain a reputation of superior quality and reliability for its exclusive products unless the Defendants' actions are enjoined.

### THIRD CLAIM FOR RELIEF
False Advertising
(15 U.S.C. §1125(b), *et seq.*)

52.     Paragraphs 1-51 are incorporated herein as set forth in their entirety.

53.     Defendants' representations that the infringing Ab Chair Products are "As Seen on TV" are false and misleading statements of facts about Defendants' products, which are likely to influence the deceived consumer's purchasing decisions in violation of 15 U.S.C. §1125(b).

54.     As a result of the foregoing, Plaintiff has been damaged in an amount that will be ascertained according to proof.  In addition to Plaintiff's actual damages, Plaintiff is entitled to receive Defendants' profits pursuant to 15 U.S.C. §1117(a).  These actual damages and profits

should be enhanced to achieve justice pursuant to 15 U.S.C. §1117(a) and/or trebled pursuant to 15 U.S.C. §1117(b) due to Defendants' willful conduct.

55.     As a result of Defendants' false advertising, Plaintiff has suffered and will continue to suffer losses and irreparable injury to its business reputation and goodwill. Defendants will continue to commit acts of false advertising, and unless restrained and enjoined, will continue to do so, all to Plaintiff's irreparable injury.  Plaintiff's remedy at law is not by itself adequate to compensate it for the injuries inflicted and threatened by Defendants.


FOURTH CLAIM FOR RELIEF
Fraudulent Misrepresentation

56.     Paragraphs 1-55 are incorporated herein as set forth in their entirety.

57.     Defendants' representations that the infringing Ab Chair Products are "As Seen on TV" are knowingly fraudulent misrepresentations of fact about Defendants' products, which are meant to deceive the purchasing public into believing that Defendant's Ab Chair Products are those of Plaintiff's Ab Lounge Products since Plaintiff's Ab Chair Products are "on TV".

58.     Defendant's fraudulent misrepresentations have injured Plaintiff in an amount to be determined at trial.

59.     Plaintiff seeks punitive damages against Defendants' for their fraudulent misrepresentations as alleged *supra*.

## FIFTH CLAIM FOR RELIEF
### (Unjust Enrichment)

60.     Paragraphs 1-59 are incorporated herein as set forth in their entirety.

61.     Defendants' manufacture, sale, and offer for sale, of Defendants' Ab Chair Product have resulted in Defendants being conferred a substantial benefit, at Fitness Quest's expense, and without payment to Fitness Quest.

62.     Defendants' retention of this substantial benefit would be unjust and inequitable.

63.     Defendants are obligated to compensate Fitness Quest for the substantial benefit conferred upon them and unjustly retained by them, pursuant to a theory of unjust enrichment.


## SIXTH CLAIM FOR RELIEF
### (Ohio Unfair Competition – O.R.C. §4165.02, *et seq*.)

64.     Paragraphs 1-63 are incorporated herein as set forth in their entirety.

65.     Defendants' acts and conduct as alleged above in this Complaint constitute unfair competition as defined by Ohio Revised Code §4165.02, *et seq*.


## PRAYER FOR RELIEF

WHEREFORE, FITNESS QUEST prays that this Court enter an Order comprising:

1.     Judgment against Defendants for temporary, preliminary and permanent injunctions granted pursuant to 15 U.S.C. § 1114, enjoining Defendants and its affiliates, partners, representatives, servants, employees, attorneys and all persons in active concert privity or participation with Defendants from using the Ab Chair, Ab Chair Deluxe marks, or any other mark confusingly similar to the Ab Lounge Marks and from otherwise infringing Fitness Quest's trademarks and/or trade names; from competing unfairly with Fitness Quest; from falsely designating the origin of the Defendants' goods and services, from diluting the distinctive quality

13

of Fitness Quest's trademarks, from engaging in deceptive trade practices in violation of 15 U.S.C. § 1051, *et seq.* and Ohio Revised Code § 4165, *et seq.*; and from further engaging in unfair competition, and specifically:

(a) using in any manner Fitness Quest's Ab Lounge® mark, any mark or name confusingly similar to Ab Lounge®, or any other mark which so resembles Fitness Quest's marks as to be likely to cause confusion, deception or mistake, on or in connection with the manufacturing, sales, or offer for sale, of abdominal exercise equipment;

(b) passing off, inducing or enabling others to sell or pass off any services as being rendered by Fitness Quest, which services are not in fact rendered by Fitness Quest or belonging to Fitness Quest, under the control, supervision and approval of Fitness Quest, or for sale under the marks owned by Fitness Quest, or any other mark which so resemble Fitness Quest's marks so as to be likely to cause confusion, deception or mistake;

(c) committing any acts, including use of Plaintiff's Ab Lounge Marks and Defendants' Ab Chair, Ab Chair Deluxe marks, calculated to cause purchasers to believe that Defendants' products and/or services are those sold under the control and supervision of Fitness Quest, or are sponsored, approved, or connected with Fitness Quest, are guaranteed by Fitness Quest, or are rendered under the control and supervision of Fitness Quest;

(d) further diluting and infringing Fitness Quest's Ab Lounge Marks and damaging its goodwill;

(e) rendering any services under the Ab Lounge Mark or any other distinctive design or trademark confusingly similar thereto.

2.     A preliminary and permanent injunction issued enjoining Defendants from making, using, selling, or offering for sale products that infringe Fitness Quest's intellectual property.

3.      An accounting for damages resulting from Defendants' infringement and contributory infringement and the trebling of such damages because of the knowing, willful, and wanton nature of Defendants' conduct.

4.      Plaintiff's damages, enhanced statutory damages, attorneys', and/or Defendants' profits, pursuant to 17 U.S.C. § 504.

5.      Judgment against Defendants for the greater of triple the amount of actual damages suffered by Fitness Quest pursuant to 15 U.S.C. § 1117(b) or statutory damages under 15 U.S.C. § 1117(c).

6.      Judgment for an award of punitive damages against Defendants and in favor of Fitness Quest.

7.      Judgment that costs of this action be awarded Fitness Quest.

8.      Judgment that Fitness Quest be awarded its reasonable attorneys' fees along with an assessment of interest on all the damages so computed.

9.      Judgment against Defendants indemnifying Fitness Quest from any claims brought against Fitness Quest for negligence, debts, malpractice, product liability, or other breaches of any duty owed by Defendants to any person who was confused as to some association between Fitness Quest and Defendants as alleged in this Complaint.

10.     Judgment against Defendants for an accounting and monetary award in an amount to be determined at trial.

11.     Ordering the destruction of any and all materials in Defendants' possession, custody or control bearing a colorable imitation of the "Ab Lounge" trademark and trade dress, including but not limited to, the Ab Chair Product, seat pads, packages, labels, and other printed material, along with the means of making same.

12.     Requiring Defendants to account to Fitness Quest for all sales and purchases that have occurred to date, and requiring Defendants to disgorge any and all profits derived by Defendants from selling the Ab Chair Product.

13.     Requiring Defendants to provide full disclosure of any and all information relating to its supplier or suppliers of the Ab Chair Product.

14.     Ordering a product recall of all Ab Chair Product, for destruction.

15.     Requiring Defendants to file with this Court and serve on Fitness Quest within thirty (30) days of this Court's order a report setting forth the manner and form in which Defendants have complied with the Order.

16.     Damages according to each and every cause of action alleged herein.

17.     Prejudgment interest.

18.     Such other and further relief as this Court may deem just and proper.


Respectfully submitted,

**BROUSE MCDOWELL**

/s/ John M. Skeriotis_____
John M. Skeriotis, (#0069263)
    jms@brouse.com
388 S. Main St., Suite 500
Akron, OH 44311-4407
330.535.5711
330.253.8601 – Facsimile
Attorney for Plaintiff Fitness Quest Inc.

## DEMAND FOR JURY TRIAL

Plaintiff Fitness Quest Inc. hereby demands a trial by jury on all issues so triable.


September 12, 2006                       /s/ John M. Skeriotis
Date                                     John M. Skeriotis, Esq.
                                            Attorney for Plaintiff Fitness Quest Inc.


641504v5