UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
------------------------------------------------------------

| | : | |
|---|---|---|
| FITNESS QUEST INC., | : | CASE NO. 5:06-CV-2204 |
| Plaintiff, | : | JUDGE JAMES S. GWIN |
| vs. | : | ORDER & OPINION |
| WONDERFULBUYS.COM, et al., | : | [Resolving Doc. 33] |
| Defendants. | : | |

------------------------------------------------------------

JAMES S. GWIN, UNITED STATES DISTRICT JUDGE:

On February 22, 2007, Plaintiff Fitness Quest Inc. and Defendants Wonderfulbuys.com, *et al.* jointly requested an order governing the disclosure of confidential materials in this case. [Doc. 31.] On March 6, 2007, the Court denied the parties' joint request for the proposed order. [Doc. 32.] On April 2, 2007, the parties filed a new Joint Motion for Entry of Stipulated Protective Order. [Doc. 33.] For the reasons set forth below, the Court **DENIES** the new Joint Motion for Entry of Stipulated Protective Order, as well.

**Analysis**

The decision to grant a motion for a protective order pursuant to Fed. R. Civ. P. 26(c) is within the sound discretion of a trial court. *Procter & Gamble Co. v. Bankers Trust Co.*, 78 F.3d 219, 227 (6th Cir. 1996). In making such a determination, the court is to balance the competing interests at issue and to compare the hardship on the parties if the motion is either granted or denied. *Marrese v. Am. Acad. of Orthopaedic Surgeons,* 726 F.2d 1150, 1159 (7th Cir. 1984), *rev'd on other grounds*, 470 U.S. 373 (1985). It is the movant's burden to demonstrate that this balancing of

-1-

Case No. 5:06-CV-2204
Gwin, J.

hardships weighs in its favor. *Nix v. Sword*, 11 Fed. Appx. 498, 500 (6th Cir. 2001).

Furthermore, when deciding whether to grant a protective order, the court must remain cognizant that public access to court documents is a fundamental feature of the American judicial system. *See Brown & Williamson Tobacco Corp. v. Fed. Trade Comm.*, 710 F.2d 1165, 1177 (6th Cir. 1983). Unwarranted secrecy of court documents precludes the public's right to act as an important check on the judicial system's integrity. *Id.* at 1179. For this reason, a presumption in favor of public access to judicial records exists. *See*, *e.g.*, *In re Cont'l Ill. Sec. Litig.*, 732 F.2d 1302, 1308 (7th Cir. 1984).

In *Tinman v. Blue Cross & Blue Shield of Mich.*, 176 F. Supp. 2d 743, 745 (E.D. Mich. 2001), the court observed that to have confidential information in a court record kept under seal, the movant must make a specific showing that disclosure of information would result in some sort of serious competitive or financial harm.

In response to the Court's denial of the parties' initial Joint Motion for Entry of Stipulated Protective Order, the parties' add the following language to the proposed order:

> If any party seeks to include Confidential Discovery Materials that have been designated as "Confidential" or "Confidential -- Attorneys Only" with any papers filed with the Court in this action, the party seeking to file such papers shall move the Court for an order allowing the Confidential Discovery Materials to be filed under seal before publicly filing any Confidential Discovery Materials. Such motion for leave to file confidential documents under seal shall be presented to the Court as a joint motion, and shall make a particularized showing as to why the Court should remove the documents from public view.

This language merely highlights the parties' on-going ability to move this court for leave to file confidential documents under seal, as well as the parties' continuing obligation to make a particularized showing as to why the Court should grant such a motion. As such, this language

-2-

Case No. 5:06-CV-2204
Gwin, J.

neither heightens nor reduces the duties of a party who wishes to file documents under seal.

However, the parties new proposed order also contains the following language:

If the Court denies the motion for leave to file Confidential Discovery Materials under seal, the party seeking to file such Confidential Discovery Materials may do so only with the agreement of the party which designated the materials as "Confidential" or "Confidential – Attorneys Only."

This language provides the parties with the right to limit the submission of evidence by an opposing party in the event that a motion for leave to file documents under seal is denied by this Court. Once again, the parties are free to enter into a private confidentiality agreement with respect to disclosure of documents and information. However, the Court will not officially sanction such an agreement by granting entry of a stipulated protective order.

**Conclusion**

Accordingly, this Court **DENIES** the parties' Joint Motion for Entry of Stipulated Protective Order. [Doc. 33.]

IT IS SO ORDERED.


Dated: April 4, 2007               s/    *James S. Gwin*
                                   JAMES S. GWIN
                                   UNITED STATES DISTRICT JUDGE